Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of JOHN F. DUNN, Respondent, for Compensation under the Workmen's Compensation Law, *v.* BROOKLYN RAPID TRANSIT COMPANY, Employer and Self-Insurer, Appellant.

Third Department, July 7, 1921.

**Workmen's Compensation Law — continuing disability — rehearing and further award — evidence not justifying conclusion that claimant was not able to work — when unsworn statement signed by doctor not competent evidence.**

The claimant was injured in February and returned to work in March, one month after the injury, for which loss he was paid, and he continued to work until the last of August when he quit and then asked for a rehearing of his case.

*Held,* that there is no evidence to support the contention of the claimant that he was not able to work at the time he quit and at the time of the rehearing.

An unsworn statement signed by a person purporting to be a doctor, addressed to no one, to the effect that the claimant was not able to work, which did not connect up with the accident in any way, was clearly incompetent as evidence.

JOHN M. KELLOGG, P. J., dissents.

APPEAL by the defendant, Brooklyn Rapid Transit Company, from a decision and award of the State Industrial Commission, entered in the office of said Commission on the 27th day of January, 1921.

*George D. Yeomans* [*Harold L. Warner* of counsel], for the appellant.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

WOODWARD, J.:

The claimant was injured on the 19th day of February, 1920, and returned to work on the nineteenth of March following. He was paid compensation for the time lost and resumed work. He lost five or six days in the month of May following, though it does not appear clearly that this had

anything to do with the accident, and with this exception continued at work until the 28th day of August, 1920, which date appears to have been the same as the commencement of the general strike of employees of the Brooklyn Rapid Transit Company, when he quit work and has been out of the employment since.

On the twenty-second day of September the claimant wrote the State Industrial Commission a letter, claiming that he had " suffered untold pain and agony " from the time of the accident, and requesting a rehearing of his case. The Commission directed a rehearing, and upon such hearing made a second award for twenty-two weeks of disability at fifteen dollars per week, aggregating $330, and continued the case. The employer appeals from this award.

Upon the rehearing of this case the claimant testified that he " was not able to work " on the twenty-eighth day of August; that he did not go out on strike on the twenty-ninth of August; that he " was not able to work," but he gives no reason why he was not able to work at that time, and, for all that appears, he may have had a stomachache. At this hearing the claimant also said that " I am not able to work," referring to the time of the hearing; said that his hand was kind of sore and that " my head bothers me — got hit with a heavy gate — three stitches." It was conceded that with the exception of five or six days in May the claimant had worked from the nineteenth of March to the twenty-eighth day of August, and his testimony that he was not able to work is merely his own expression of his feelings, without disclosing any foundation for the conclusion, and if accepted and acted upon is the equivalent of permitting a man to be a judge in his own case. The Commission was not willing, apparently, to make an award upon this testimony, and an examination was ordered. The claimant was sent to the medical department, and upon returning was asked a few questions and then the case was adjourned to permit of an examination by a neurologist.

Dr. Dana, the neurologist, reported. He came to the conclusion that " the man is suffering from a traumatic hysteria with a certain amount of malingering element," which, in plain English, means that the claimant is trying to deceive.

Webster's International Dictionary defines " malingerer " by explaining that in the army " a soldier * * * who feigns himself sick, or who induces or protracts an illness, in order to avoid doing his duty " is a malingerer; hence, in general, one who shirks his duty by pretending illness or inability, and malingering is " to act the part of a malingerer; to feign illness or inability." The doctor continues: " He appears to be very much disgruntled over the way he has been treated and appears to think he should be properly cared for on account of his injury." The report of the doctor is to be construed in the light of this conclusion, for it is based upon the claimant's statements as to the history of his case, and it is clear that the doctor does not believe these statements in full. The doctor says that upon his physical examination he found him " a well-nourished, strong-looking man." He further says: " He claims that he does not feel the prick of a pin over the whole of the lower extremities, but there is no loss of deep sensation. While the man walked about my room holding his arms rigid and did not swing them, I noted that when he was on the street he walked with a perfectly natural gait and swing of arms."

It seems entirely plain that there is nothing in the report which supports the conclusion of the claimant that he was not able to work on the twenty-eighth day of August and at the time of the hearing, and the only other possible foundation is the statement of one signing himself " A. H. Longstreet, M. D." The statement is not sworn to, is not witnessed by any one, and depends for its authority merely upon the signature, which is not identified by any one. This statement reads that " This is to certify that Mr. John F. Dunn is under my care suffering from headaches and insomnia and occasional dizziness on exertion, and while improving does not appear to be able for some time to return to work." This certificate is addressed to no one, does not connect up with the accident in any manner, and is clearly not evidence. Section 72 of the Workmen's Compensation Law provides that " the Commission may cause depositions of witnesses residing within or without the State to be taken in the manner prescribed by law for like depositions in civil actions in the Supreme Court," and this clearly excludes the idea that any mere declaration of

an unidentified person may be used in evidence to establish a right to compensation. There is, therefore, literally no evidence in support of the present award. The vague words of the claimant, supported only by an alleged certificate, unsworn and unauthenticated in any manner, and without apparent reference to the accident out of which the original injury arose, may not be characterized as evidence. (*Matter of Case*, 214 N. Y. 199; *Matter of Jordan* v. *Decorative Co.*, 230 id. 522, 527.)

No reason, constituting evidence, is given why the claimant did not continue his employment. He had worked for months, with only a few days of interruption, not shown to be due to the accident, and there does not appear to have been any reason why he could not have continued indefinitely. " The statute was not adopted that sloth might be a source of profit." (*Matter of Jordan* v. *Decorative Co., supra.*)

The award should be reversed and the claim dismissed.

All concur, except JOHN M. KELLOGG, P. J., dissenting.

Award reversed and claim dismissed.